IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, B.V. HYLER and STEVEN F. SCHAAB as Trustees of the UNITED MINE WORKERS OF AMERICA 1974 PENSION PLAN<br>2121 K Street, N.W.<br>Washington, D.C. 20037<br><br>        Plaintiffs,<br><br>        v.<br><br>ENERGY SUPPLY, INC.<br>800 Greenfield Ave.<br>Pittsburgh, PA 15217<br><br>DONRAY INDUSTRIES, INC.<br>800 Greenfield Ave.<br>Pittsburgh, PA 15217<br><br>        Defendants. | Civil Action No. |

**COMPLAINT FOR COLLECTION OF**
**EMPLOYER WITHDRAWAL LIABILITY**

Plaintiffs, Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab in their capacities as Trustees of the United Mine Workers of America ("UMWA") 1974 Pension Plan ("1974 Plan"), by their undersigned counsel, for their Complaint against Defendant Energy Supply, Inc. and Defendant Donray Industries, Inc., allege, upon knowledge with respect to themselves and their action and upon information and belief with respect to all other matters, as follows:

Jurisdiction and Venue

1. This is an action for declaratory and injunctive relief, and for collection of delinquent withdrawal liability payments, damages, and interest thereon incurred as the result of a withdrawal by an employer from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 (1982). This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3. Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

Parties

4. Plaintiffs, Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab, are Trustees of the 1974 Plan. The Trustees administer the 1974 Plan at 2121 K Street, N.W., Washington, D.C. 20037. The Trustees are fiduciaries with respect to the 1974 Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and are collectively the plan sponsor of the 1974 Plan within the meaning of Sections 3(16)(b)(iii) and 4001(a)(10)(A) of ERISA, 29 U.S.C. §§ 1002(16)(b)(iii) and 1301(a)(10)(A). The Trustees are authorized to bring this action by Sections 502(a)(3) and 4301(a)(1) and (b) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1) and (b). The 1974 Plan is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Defendant Energy Supply, Inc. is or was a Pennsylvania corporation and engaged in the business of acquiring, producing, and/or cleaning coal and maintaining mine sites.

6. Defendant Energy Supply, Inc. was a party to the National Bituminous Coal Wage Agreement of 1984 (the "1984 Agreement").

7. Pursuant to its obligations under the terms of the 1984 Agreement, Defendant Energy Supply, Inc. was a participating employer in the 1974 Plan. Defendant Energy Supply, Inc. was obligated to and did make contributions to the 1974 Plan on behalf of its employees covered under the 1984 Agreement. Defendant Energy Supply, Inc. permanently ceased all covered operations under the 1974 Plan in or about April 1988. As a result of this cessation, Defendant Energy Supply, Inc. withdrew from the 1974 Plan in a complete withdrawal, as that term is defined in Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

8. Defendant Donray Industries, Inc. is or was a Pennsylvania corporation which is not a participating employer in the Plan.

9. Plaintiffs allege upon information and belief that Defendant Energy Supply, Inc. and Defendant Donray Industries, Inc. were under "common control" on the date of withdrawal within the meaning of Section 4001(b)(1) of ERISA 29 U.S.C. § 4001(b)(1) or ERISA, 29 U.S.C. § 1301(b)(1), and regulations promulgated thereunder, 29 C.F.R. Part 2612. As such, Defendant Energy Supply, Inc. and Defendant Donray Industries are a single employer for withdrawal liability purposes and shall be collectively referred to herein as the "Employer."

10. As a result of its cessation, the Employer withdrew from the 1974 Plan in a complete withdrawal as that term is defined in Section 4202(a) of ERISA, 29 U.S.C. §1381(A).

11. As a result of its complete withdrawal from the 1974 Plan, the Employer incurred withdrawal liability to the 1974 Plan in the amount of $3,930.58, determined under Section 4211(d)(1) of ERISA, 29 U.S.C. § 1391(d)(1).

12.     Pursuant to Sections 4202(2) and 4219 of ERISA, 29 U.S.C. §§ 1382(2) and 1399, Plaintiffs notified the Employer of its withdrawal liability by letter dated March 4, 2002. Plaintiffs demanded withdrawal liability of $3,930.58 and offered the Employer the option of discharging its liability in monthly payments or paying its withdrawal liability in one lump sum. The letter notified the Employer that if it chose monthly payments, the first payment was due on May 13, 2002.

13.     The Employer has failed to make any withdrawal liability payments to the 1974 Plan.  In addition, the Employer has not requested review of any specific matter relating to the determination of the employer's liability and schedule of payments nor identified any inaccuracy in the determination of the amount of unfunded vested benefits allocable to the employer, pursuant to Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

14.     Plaintiffs, by letter dated September 16, 2002, demanded payment of all past due withdrawal liability payments, plus interest, no later than December 25, 2002.  Plaintiffs advised the Employer that unless payment was made by that date, its entire withdrawal liability of $3,930.58 to the 1974 Plan would become due and payable without further demand.

15.     The Employer has failed to make the withdrawal liability and interest payments demanded by Plaintiffs.  Accordingly, the Employer is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and the entire amount of its withdrawal liability is now due and payable.

16.     The failure of the Employer to make withdrawal liability payments in accordance with Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2), has caused the 1974 Plan to sustain loss of investment income and has further caused the 1974 Plan to incur administrative and legal expenses.

17. The Employer has failed to discharge its statutory obligations and has caused Plaintiffs to suffer immediate, continuing, and irreparable injury. Plaintiffs are without an adequate remedy at law.

WHEREFORE, the Plaintiffs pray that judgment be entered in their favor:

(a) Declaring that the Employer has completely withdrawn from the 1974 Plan;

(b) Declaring that Defendant Donray Industries, Inc. was under common control with Defendant Energy Supply, Inc. on the date of withdrawal within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(B)(1), and hence a single employer for withdrawal liability purposes;

(c) Declaring that the amount of the Employer withdrawal liability to the 1974 Plan is $3,930.58;

(d) Declaring that the Employer is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and that the entire amount of withdrawal liability set forth in paragraph (c) is due and payable to the 1974 Plan;

(e) Ordering that the Employer pay in full the withdrawal liability as set forth in paragraph (b), plus interest thereon from the date such amount became due and owing, together with liquidated damages pursuant to Sections 502(g)(2), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145 and 1451(b);

(f) Ordering that the Employer pay Plaintiffs' attorneys' fees and costs associated with this action pursuant to Sections 502(g)(2), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145 and 1451(b); and

(g) Ordering such other and further relief as this Court deems appropriate.

        Respectfully submitted,

        DAVID W. ALLEN
        General Counsel
        D.C. Bar No. 81638


        _____/s/_____
        LARRY D. NEWSOME
        Associate General Counsel
        D.C. Bar No. 254763


        _____/s/_____
        CHRISTOPHER F. CLARKE
        Senior Assistant General Counsel
        D.C. Bar No. 441708

        UMWA HEALTH & RETIREMENT FUNDS
        Office of the General Counsel
        2121 K Street, N.W.
        Washington, D.C.  20037
        Telephone:  202-521-2238

        Attorneys for Plaintiffs

197029359.doc

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

1  U.S. Government Plaintiff
2  U.S. Government Defendant
3  Federal Question (U.S. Government Not a Party)
4  Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### A. *Antitrust*

410 Antitrust

### B. *Personal Injury/Malpractice*

310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury
362 Medical Malpractice
365 Product Liability
368 Asbestos Product Liability

### C. *Administrative Agency Review*

151 Medicare Act

**Social Security:**
861 HIA ((1395ff)
862 Black Lung (923)
863 DIWC/DIWW (405(g)
864 SSID Title XVI
865 RSI (405(g)
**Other Statutes**
891 Agricultural Acts
892 Economic Stabilization Act
893 Environmental Matters
894 Energy Allocation Act
890 Other Statutory Actions (If Administrative Agency is Involved)

### D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. *General Civil (Other)*     OR     F. *Pro Se General Civil*

**Real Property**
210  Land Condemnation
220  Foreclosure
230  Rent, Lease & Ejectment
240  Torts to Land
245  Tort Product Liability
290  All Other Real Property

**Personal Property**
370  Other Fraud
371  Truth in Lending
380  Other Personal Property Damage
385  Property Damage Product Liability

**Bankruptcy**
422  Appeal 28 USC 158
423  Withdrawal 28 USC 157

**Prisoner Petitions**
535  Death Penalty
540  Mandamus & Other
550  Civil Rights
555  Prison Condition

**Property Rights**
820  Copyrights
830  Patent
840  Trademark

**Federal Tax Suits**
870  Taxes (US plaintiff or defendant
871  IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
610  Agriculture
620  Other Food &Drug
625  Drug Related Seizure of Property 21 USC 881
630  Liquor Laws
640  RR & Truck
650  Airline Regs
660  Occupational Safety/Health
690  Other

**Other Statutes**
400  State Reapportionment
430  Banks & Banking
450  Commerce/ICC Rates/etc.
460  Deportation

470  Racketeer Influenced & Corrupt Organizations
480  Consumer Credit
490  Cable/Satellite TV
810  Selective Service
850  Securities/Commodities/ Exchange
875  Customer Challenge 12 USC 3410
900  Appeal of fee determination under equal access to Justice
950  Constitutionality of State Statutes
890  Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255*  530 Habeas Corpus-General  510 Motion/Vacate Sentence | H. *Employment Discrimination*  442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)  *(If pro se, select this deck)* | I. *FOIA/PRIVACY ACT*  895 Freedom of Information Act  890 Other Statutory Actions (if Privacy Act)  *(If pro se, select this deck)* | J. *Student Loan*  152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| K. *Labor/ERISA (non-employment)*  710 Fair Labor Standards Act  720 Labor/Mgmt. Relations  730 Labor/Mgmt. Reporting & Disclosure Act  740 Labor Railway Act  790 Other Labor Litigation  791 Empl. Ret. Inc. Security Act | L. *Other Civil Rights (non-employment)*  441 Voting (if not Voting Rights Act)  443 Housing/Accommodations  444 Welfare  440 Other Civil Rights  445 American w/Disabilities-Employment  446 Americans w/Disabilities-Other | M. *Contract*  110 Insurance  120 Marine  130 Miller Act  140 Negotiable Instrument  150 Recovery of Overpayment & Enforcement of Judgment  153 Recovery of Overpayment of Veteran's Benefits  160 Stockholder's Suits  190 Other Contracts  195 Contract Product Liability  196 Franchise | N. *Three-Judge Court*  441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

1 Original Proceeding    2 Removed from State Court    3 Remanded from Appellate Court    4 Reinstated or Reopened    5 Transferred from another district (specify)    6 Multi district Litigation    7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $** **JURY DEMAND:** | Check YES only if demanded in complaint  **YES**    **NO** |
|---|---|---|---|
| VIII. RELATED CASE(S) IF ANY | (See instruction)    **YES**    **NO** | If yes, please complete related case form. | |

**DATE**    **SIGNATURE OF ATTORNEY OF RECORD**

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

  I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

  III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

  IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

  VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

  VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.